IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAURUS L. WILLIAMS,

    Plaintiff,

vs.                                                CASE NO. 1:08CV235-SPM/AK

WILLIAM GLENN JOHNSON,
et al,

    Defendants.

_____/

## O R D E R

Plaintiff seeks leave to proceed in forma pauperis to assert claims against two private persons for alleged civil rights violations. (Doc. 1). In his Affidavit of Financial Status, Plaintiff shows monthly income of $1400, spouse's monthly income of $1500, and expenses of $1358.00. While he alleges that his spouse pays insurance, utilities and other items, he did not list these as monthly expenses. Before the Court can grant IFP status based on these facts, Plaintiff must show all his monthly expenses for the household. Consequently, if Plaintiff wishes to proceed he must file another Affidavit of Financial Status.

Further, from a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.

A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.  Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988).  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  *Id.*, at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Plaintiff alleges that the owner and employee of a mechanics shop where he parked his car threatened him, and neither of these persons are "state actors" nor were they acting under "color of state law."

Plaintiff should consider dismissing his lawsuit.

However, if Plaintiff seeks to amend his complaint, he should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended

complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

He must also complete fully an Affidavit of Financial Status and return it with an amended complaint.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form and another Affidavit of Financial Status form.

2. Plaintiff must respond to this order by **February 13, 2009.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this __26th__ day of January, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**