**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**TAURUS L. WILLIAMS,**

> **Plaintiff,**

**vs.**                                                              **CASE NO. 1:08CV235-SPM/AK**

**WILLIAM GLENN JOHNSON,
et al,**

> **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed two incomplete affidavits of expenses in his efforts to obtain leave to proceed in forma pauperis.  (Docs.  2 and 7).  He was advised that he must show all income and expenses, but has filed a second affidavit showing that he is employed, but does not provide the amount of income from this job.

He was also advised that his complaint failed to state claims under 42 U.S.C. §1983 and that he should consider dismissing his lawsuit.  He has filed an amended complaint virtually identical to the original complaint. He complains about threats made by two private persons over a parking place.  He claims that fear of these threats caused him to resign from his job, and he seeks $125,000.00 damages.

It is the opinion of the undersigned that Plaintiff should be denied leave to proceed in forma pauperis because he has failed to file the appropriate papers for such leave, and the combined information from the two incomplete forms shows an income not warranting such leave, and finally, because he fails to state a claim for relief.

A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.*, at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Neither of the two persons named in the complaint, the owner and employee of a mechanics shop where he parked his car, are "state actors" nor were they acting under "color of state law."

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for

leave to proceed (doc. 2) be **DENIED**, and that Plaintiff's amended complaint (doc. 6),

be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this _3rd_ day of March, 2009.


_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**